IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEGAN GAHAN,

    Plaintiff,

vs.                                                                                                       Civ. No. 12-1297 KG/SCY

BRODERICK SHARP, SEAN
CONNORS, COLLEEN BULTMAN, and
ANTHONY MEDRANO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiff's Motion for Summary Judgment (Motion for Summary Judgment) and Memorandum in Support of Plaintiff's Motion for Summary Judgment, both filed on January 3, 2014.  (Docs. 78 and 79).  Defendants filed a response on January 21, 2014, and Plaintiff filed a reply on February 7, 2014.  (Docs. 86 and 92).  Having reviewed the Motion for Summary Judgment and the accompanying briefs, the Court denies the Motion for Summary Judgment.

    Defendants assert first that the Court should deny the Motion for Summary Judgment because Plaintiff filed the Motion for Summary Judgment a week after the December 27, 2013, pretrial motions deadline.  *See* (Doc. 64).  Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order deadline "may be modified only for good cause and with the judge's consent."  Under Rule 16(b)(4), the good cause requirement "does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order…."  *Trujillo v. Bd. of Educ. of the Albuquerque Public Schools*, 2007 WL 2296955 *3 (D.N.M.) (quoting *Dilmar Oil Co., Inc. v.*

*Federated Mutual Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.), *aff'd on other grounds*, 129 F.3d 116 (4th Cir. 1997)); *accord ACC Consultants, Inc. v. Logistics Health, Inc.*, 2011 WL 5212262 *4 (D.N.M.). Diligence means that the moving party could not meet the scheduling deadline despite that "party's diligent efforts." *Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc.*, 879 F. Supp. 2d 1228, 1244 (D.N.M. 2012) (quoting *Advanced Optics Elecs., Inc. v. Robins*, 769 F.Supp.2d 1285, 1313 (D.N.M. 2010)); *Trujillo*, 2007 WL 2296955 at *3 (quoting *Dilmar Oil*, 986 F.Supp. at 980). To prevail under Rule 16(b)(4), the moving party "must provide an adequate explanation for the delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "[A]n attorney's failure to meet a filing deadline due to workload or inattention" generally does not constitute an adequate explanation for a delay. *United States v. One 2007 Harley Davidson St. Glide Motorcycle VIN 1HD1KB4197Y722798*, 982 F. Supp. 2d 634, 639 (D. Md. 2013). If the moving party was not diligent, then the Court should deny the request to extend the scheduling deadline for lack of good cause. *ACC Consultants, Inc.*, 2011 WL 5212262 at *4 (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff explains that she untimely filed the Motion for Summary Judgment for three reasons. First, Plaintiff states that her "counsel was caught with the dilemma of needing to research and prepare the responses for both of Defendants' motions [for summary judgment] while at the same time preparing and drafting Plaintiff's Motion for Summary Judgment." (Doc. 92) at 3. According to Plaintiff, this work required sifting through a large amount of discovery. The Court notes, however, that the pretrial motions deadline had already been extended three times in this case. (Docs. 34, 51, and 64.) Second, Plaintiff states that her counsel was ill before the December 27, 2013, deadline, but she does not expound on the nature of the illness or why co-counsel could not have completed the Motion for Summary Judgment in a timely manner.

Finally, Plaintiff contends that Defendants are not prejudiced by the untimely Motion for Summary Judgment.

Unfortunately, workload, a vague reference to an illness, and lack of prejudice are inadequate explanations for the delay in filing the Motion for Summary Judgment. Hence, the Court finds that (1) the Plaintiff was not diligent in filing the Motion for Summary Judgment, and (2) Plaintiff has, therefore, not shown good cause for modifying the scheduling order to allow an untimely filing of the Motion for Summary Judgment. Accordingly, the Court denies the Motion for Summary Judgment.

IT IS ORDERD that Plaintiff's Motion for Summary Judgment (Doc. 78) is denied.

_____
UNITED STATES DISTRICT JUDGE