IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEGAN GAHAN,

    Plaintiff,

vs.                                             Civ. No. 12-1297 KG/SCY

BRODERICK SHARP, SEAN CONNORS,
ANTHONY MEDRANO,
and COLLEEN BULTMAN,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon County Defendants' Motion for Partial Summary Judgment No. III on Count III of Gahan's Amended Complaint Alleging False Arrest Under the New Mexico Tort Claims Act (Motion for Partial Summary Judgment), filed February 10, 2015. (Doc. 126). Plaintiff responded on February 17, 2015, and in that response raised a cross motion for summary judgment. (Doc. 128). Defendants replied on February 20, 2015. (Doc. 142). Having reviewed the Motion for Partial Summary Judgment, the accompanying briefs, and the material evidence of record, the Court (1) denies Plaintiff's cross motion for summary judgment, (2) grants Defendants' Motion for Partial Summary Judgment, and (3) denies Defendants' request for an award of attorneys' fees and costs.

A. *Plaintiff's Cross Motion for Summary Judgment*

        The Court denies Plaintiff's cross motion for summary judgment for several reasons. First, Plaintiff did not seek the Court's permission at the February 3, 2015, initial pretrial conference to file an untimely cross motion for summary judgment. *See* (Doc. 124). Second, the Court already denied Plaintiff's previous attempt to file an untimely Motion for Summary

Judgment (Doc. 78).  *See* (Doc. 115).  Third, Plaintiff has not moved to modify the expired pretrial motion deadline under Fed. R. Civ. P. 16(b)(4).  Fourth, Plaintiff improperly raised the cross motion for summary judgment in a response.  Finally, Plaintiff did not comply with LR-Civ. 7.1(a) which provides that the Court may summarily deny a motion if a movant "omits recitation of a good-faith request for concurrence…."

*B.  Defendants' Motion for Partial Summary Judgment*

For the purpose of ruling on this Motion for Partial Summary Judgment, the Court adopts the summary of material facts set forth in its January 26, 2015, Memorandum Opinion and Order.  *See* (Doc. 118).  At issue in this Motion for Partial Summary Judgment is the New Mexico Tort Claims Act (NMTCA) false arrest claim brought against Defendants in Count III of the Amended Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights (Amended Complaint).  *See* (Doc. 21) at ¶¶ 103-110.  The Court notes that it has already granted summary judgment in Defendants' favor on the companion false imprisonment claim raised in Count III of the Amended Complaint.  *See* (Doc. 118) at 9-12.  Defendants argue that because of the similarity between NMTCA false imprisonment and false arrest claims they are also entitled to summary judgment on the false arrest claim.  In the alternative, Defendants argue that they had a good faith belief in the lawfulness of their detention of Plaintiff.

Plaintiff argues first that the Court should vacate its decision regarding the false imprisonment claim.  Second, Plaintiff argues that the Court should deny Defendants' request for summary judgment on the false arrest claim because the facts show that she was arrested without probable cause or legal justification.

*C. Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[1] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

*1. The Court's Decision on the False Imprisonment Claim*

Plaintiff contends that the Court based its false imprisonment decision "solely upon facts leading up to the stop of Plaintiff in Ms. Tencza's vehicle" although Plaintiff's detention continued for several hours after the initial stop. (Doc. 128) at 11. Plaintiff also complains that the Court did not specifically "find that the Defendants' [sic] are entitled to judgment 'as a matter of law' based upon undisputed facts." *Id.* at 12.

The Court determined in its Memorandum Opinion and Order that a reasonable jury could find that Defendants had a good faith belief "that their authority to detain Plaintiff arose

---

[1] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

from the search warrant for the residence and from existing law." (Doc. 118) at 10. The Court also determined that

> [i]n this case, a reasonable jury could find that (1) there was a search warrant for 6604 Kelly NE; (2) Plaintiff was an occupant of 6604 Kelly NE; and (3) Connor pulled Tenzca's vehicle over as soon as practicable. Under these circumstances, a reasonable jury could find that based on the case law available to Defendants they could have reasonably believed that they could detain Plaintiff pending the execution of the search warrant. Consequently, summary judgment is appropriate on the Count III false imprisonment claims.

(Doc. 118) at 11-12. In making these findings, the Court determined that under the undisputed facts and the case law before Defendants, Defendants could have reasonably believed, in good faith, that they could lawfully stop and detain Plaintiff pending the retrieval of drugs from Tencza's home at about 4:00 p.m., the approximate time Plaintiff was released from custody. *See id.* at 6. Hence, summary judgment was appropriate, as a matter of law, on the false imprisonment claim. The Court finds no reason to vacate its determination that Defendants are entitled to summary judgment on the false imprisonment claim.

    2. *The Merits of the False Arrest Claim*

In New Mexico, false arrest is one way of falsely imprisoning an individual. *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12, 143 N.M. 84. As one legal author commented, "[f]alse arrest is a term that describes the setting for false imprisonment when it is committed by an officer or by one who claims the power to make an arrest." D. Dobbs, *The Law of Tort* § 36 at 67 (2000) (quoted in *Chavez v. County of Bernalillo*, 3 F.Supp.3d 936, 985 (D. N.M. 2014)). The Tenth Circuit has summarized New Mexico law on this subject as follows:

> False arrest or unlawful detention occurs when the "facts available to [a] detaining officer would [not] warrant [a] person of reasonable caution to believe detention appropriate." *Sanchez,* 895 P.2d at 215 ("Unlawful detention has similar requirements" to false imprisonment). A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment or false arrest. *See State v.*

4

*Johnson,* 122 N.M. 696, 930 P.2d 1148, 1154 (1996); *Perea v. Stout,* 94 N.M. 595, 613 P.2d 1034, 1039 (1980).

*Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006).  The Tenth Circuit further explained that "a good faith belief in the lawfulness of the action ordinarily requires probable cause to arrest."  *Id.*

Defendants argue that under New Mexico law they are entitled to summary judgment on the false arrest claim for the same reasons the Court determined that they are entitled to summary judgment on the false imprisonment claim.  The Court agrees.  Moreover, Plaintiff concedes that "if the Court was to utilize the same rationale in dismissing the false imprisonment claims, to decide the false arrest claims, the false arrest claims would not survive."  (Doc. 128) at 12.  That is, in fact, the case here.  Accordingly, the Court will grant Defendants' Motion for Partial Summary Judgment and dismiss the false arrest claim with prejudice.

*3. Defendants' Request for an Award of Attorneys' Fees and Costs*

Although the Court grants the Motion for Partial Summary Judgment, the Court notes that Defendants could have raised the false arrest issue in its motion for summary judgment which addressed the false imprisonment claim.  The Court, therefore, is not inclined to award Defendants attorneys' fees and costs incurred in bringing this Motion for Partial Summary Judgment.  Accordingly, the Court denies Defendants' request for an award of attorneys' fees and costs.

IT IS ORDERED that

1. Plaintiff's cross motion for summary judgment is denied;

2. County Defendants' Motion for Partial Summary Judgment No. III on Count III of Gahan's Amended Complaint Alleging False Arrest Under the New Mexico Tort Claims Act (Doc. 126) is granted;

    3.  summary judgment will be entered in Defendants' favor on the Count III false arrest claim;

    4.  that claim will be dismissed with prejudice; and

    5.  Defendants' request for an award of attorneys' fees and costs is denied.


_____
UNITED STATES DISTRICT JUDGE